**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 6 1999**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY BYRNE,

Defendant - Appellant.

No. 98-2027

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D. Ct. No. CR-97-281-BB)**

---

Randolph J. Ortega, Ellis and Ortega, El Paso, Texas, appearing for Defendant-Appellant.

David N. Williams, Assistant United States Attorney (John J. Kelly, United States Attorney, with him on the brief), Albuquerque, New Mexico, appearing for Plaintiff-Appellee.

---

Before **TACHA**, **BALDOCK**, and **MURPHY**, Circuit Judges.

---

**TACHA**, Circuit Judge.

---

Defendant-Appellant Timothy Byrne was convicted of using

telecommunications devices in interstate commerce to entice a minor to engage in

sexual acts in violation of 18 U.S.C. § 2422(b), and traveling in interstate commerce for the purpose of engaging in sexual acts with a minor in violation of 18 U.S.C. § 2423(b). The district court sentenced him to twenty-one months imprisonment followed by a three-year period of supervised release. On appeal, defendant argues that we should reverse his convictions because: (1) the district court did not allow his counsel to fully impeach the complaining witness; (2) the prosecution failed to produce evidence of the district court's venue; and (3) extraneous material was introduced into the jury room. We affirm.

During the summer of 1996, defendant met a minor through an Internet chat room. At the time of these events, defendant resided in El Paso, Texas, and the minor lived in Clovis, New Mexico. The complaining minor testified that over the course of several communications between Texas and New Mexico, defendant arranged a meeting with him in Clovis for the purpose of engaging in sexual relations. On August 9, 1996, defendant traveled to Clovis and performed a series of sexual acts with the boy.

On May 7, 1997, a federal grand jury returned a two-count indictment against defendant charging him with using telecommunications devices in interstate commerce to entice a minor to engage in sexual acts in violation of 18 U.S.C. § 2422(b), and traveling in interstate commerce for the purpose of engaging in sexual acts with a minor in violation of 18 U.S.C. § 2423(b). During

Mr. Byrne's jury trial, the prosecution called the complaining minor to testify. On cross-examination, defense counsel sought to question the minor regarding his interactions with another man whom he had met over the Internet. The minor had traveled out of town to meet this man, and authorities arrested him as a runaway. After his arrest, he made statements inculpating defendant. The district court did not allow questioning regarding these events pursuant to Federal Rule of Evidence 403, having found the testimony substantially more prejudicial than probative.

At the conclusion of the government's case, defendant moved for a judgment of acquittal, arguing that the government had failed to offer evidence establishing the district court's venue and jurisdiction. Specifically, defendant argued that as to both counts in the indictment, the prosecution failed to establish that Clovis was in Curry County, New Mexico,[1] and as to the enticement count, the government failed to prove that defendant used any instrumentality of interstate commerce within Curry County, New Mexico. The district court denied

---

[1] Presumably, defense counsel premised this argument on the fact that the allegation of venue in the indictment refers only to Curry County, New Mexico, rather than the city of Clovis. We find this argument borders on the frivolous. In any event, we take judicial notice of the fact that the city of Clovis is located within Curry County, New Mexico. See United States v. Burch, -- F.3d --, No. 97-1442, 1999 WL 111141, at *5-6 (10th Cir. Mar. 4, 1999) (asserting that judicial notice may be taken for the first time on appeal and that "[w]hether an offense occurred within particular geographic boundaries is an appropriate subject for judicial notice").

defendant's motion for judgment of acquittal.

Finally, during the jury's deliberation, a juror discovered extraneous material included within an atlas that had been admitted into evidence. The material consisted of several computer printouts containing profiles of minors who wished to engage in a homosexual relationship. The juror, without reading the material, sent it out of the jury room. Upon notice that the jury had received this material, defendant moved for a mistrial. The trial court conducted a hearing on the matter outside the presence of the jury. During the hearing, neither party admitted knowing that the atlas contained extraneous material. At the conclusion of the hearing, the district court stated that it would continue the investigation after the jury returned from its deliberation.

The jury rendered a verdict of guilty as to both counts. After the court read the verdict, but prior to excusing the jury, the court, as promised, questioned the jury regarding the extraneous material. The district court also asked each juror individually whether he or she had read the pages. Each responded negatively. Upon completion of the questioning, the court asked the parties if they desired any further inquiry. Neither side requested further investigation. The district court subsequently excused the jury, denied the motion for a mistrial, and entered judgment in accordance with the jury verdict. On February 10, 1998, the district court sentenced Mr. Byrne to twenty-one months imprisonment followed by a

three-year period of supervised release.  This appeal followed.

## I.

Defendant argues that the district court violated his Sixth Amendment right to confrontation when it restricted defense counsel's cross-examination of the complaining witness.  "We review de novo whether a defendant's Sixth Amendment confrontation rights were violated by cross-examination restrictions, and whether any such violation was harmless." United States v. Gault, 141 F.3d 1399, 1403 (10th Cir.), cert. denied, 119 S. Ct. 253 (1998); accord United States v. Bindley, 157 F.3d 1235, 1240 (10th Cir.), cert. denied, 119 S. Ct. 1086 (1998). A defendant's "right to cross-examine witnesses is an integral part of the right to confrontation, [but] it is not an absolute or unlimited right."  Gault, 141 F.3d at 1403.  The United States Supreme Court has recognized that "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about . . . harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986); see also Bindley, 157 F.3d at 1240; Gualt, 141 F.3d at 1403.

The record reflects that the district court refused to allow questioning only regarding an unrelated encounter the witness had with another man and the

witness' corresponding arrest on runaway charges. The district court found such testimony substantially more prejudicial than probative. We agree. We therefore conclude that the cross-examination restrictions imposed by the district court fell within the bounds permitted by the Sixth Amendment.

## II.

Defendant also argues that the district court erred by failing to grant his motion for judgment of acquittal because the prosecution did not produce any evidence of proper venue. "We review the denial of a motion for judgment of acquittal de novo, viewing the evidence in the light most favorable to the government to determine if the jury could have found defendant guilty of the essential elements of the crime beyond a reasonable doubt." United States v. Ailsworth, 138 F.3d 843, 846 (10th Cir.), cert. denied, 119 S. Ct. 221 (1998); accord United States v. Smith, 156 F.3d 1046, 1055 (10th Cir. 1998), cert. denied, 119 S. Ct. 844 (1999). However, when the motion raises a question of venue, we alter the analysis somewhat, for unlike other substantive elements of the offense charged, the government need only prove venue by a preponderance of the evidence. See United States v. Carter, 130 F.3d 1432, 1438 (10th Cir. 1997), cert. denied, 118 S. Ct. 1856 (1998); United States v. Miller, 111 F.3d 747, 749 (10th Cir. 1997). Contrary to defendant's assertion, the record is replete with evidence that establishes proper venue in the District of New Mexico. The evidence

-6-

indicates that defendant used telecommunications devices in interstate commerce to communicate with a minor in New Mexico[2] and that defendant traveled to New Mexico, where he engaged in sexual acts with the minor. Thus, the government provided ample evidence from which the jury could have found proper venue. Therefore, the district court did not err in denying defendant's motion for acquittal.

Moreover, to the extent that the defendant suggests that the jury was not adequately instructed on venue and thus made no explicit venue finding, we find this argument without merit. Although venue is a question of fact that ordinarily must be decided by the jury, see Miller, 111 F.3d at 749, failure to instruct the jury on venue does not necessarily constitute reversible error. In Miller, we stated that "failure to instruct on venue, *when requested*, is reversible error unless it is beyond a reasonable doubt that the jury's guilty verdict on the charged

---

[2] Defendant apparently argues that he had to use the telecommunications device within New Mexico to establish proper venue in the District of New Mexico. Defendant is mistaken. Coercion and enticement in violation of 18 U.S.C. § 2422 is a continuing offense under 18 U.S.C. § 3237 and venue is proper in "any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). Because the communications in this case must have reached New Mexico for the minor to have been enticed, venue is proper in New Mexico. Cf., e.g., United States v. Naranjo, 14 F.3d 145, 147 (2d Cir. 1994) (noting that "phone calls from one jurisdiction into another can establish venue so long as they further the ends of the conspiracy."); United States v. Lewis, 676 F.2d 508, 511 (11th Cir. 1982) (finding that telephone call from Florida to Texas was sufficient to establish venue in the Western District of Texas when the telephone call was in furtherance of the offense).

offense necessarily incorporates a finding of proper venue." 111 F.3d at 751 (emphasis added). In this case, however, defendant fails to assert or direct our attention to any request for a specific instruction on venue. Consequently, <u>Miller</u> is inapposite. Because defendant also did not object to the lack of a specific venue instruction at trial, we review this claim only for plain error. <u>See</u> Fed. R. Crim. P. 52(b); <u>United States v. Meuli</u>, 8 F.3d 1481, 1487 (10th Cir. 1993).

As noted above, the record reveals that defendant used telecommunications devices in interstate commerce to entice a minor in New Mexico to engage in sexual acts and that he traveled to New Mexico to perform sexual acts with the minor. These acts established venue in the District of New Mexico and comprised the sole basis for defendant's guilt. The defendant also did not genuinely challenge the location of these acts. We hold that under these circumstances the jury's guilty verdict necessarily incorporated a finding of proper venue. Consequently, the district court's failure to fashion a specific instruction on venue in this case does not constitute plain error. <u>Cf.</u> <u>Miller</u>, 111 F.3d at 751 (asserting that even when a specific jury instruction concerning venue is requested "[w]here the entirety of the defendant's illegal activity is alleged to have taken place within the trial jurisdiction, and no trial evidence is proffered that the illegal act was committed in some other place or that the place alleged is not within the jurisdiction, any defect in failing to specifically instruct on venue

would be cured by the guilty verdict").

III.

Finally, defendant claims that the district court committed reversible error when it denied his motion for a mistrial predicated on the submission of extraneous material to the jury. We review the district court's decision to deny a motion for a new trial under the abuse of discretion standard. See Anaeme v. Diagnostek, Inc., 164 F.3d 1275, 1284 (10th Cir. 1999); see also United States v. Robinson, 39 F.3d 1115, 1116 (10th Cir. 1994). "We will therefore overturn that decision only if that court has abused its discretion by rendering a judgment that is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" Robinson, 39 F.3d at 1116 (quoting United States v. Wright, 826 F.2d 938, 943 (10th Cir. 1987)). "In determining whether the jury's exposure to [extraneous material] during deliberation warranted a new trial, the proper inquiry for the district court was whether there was the 'slightest possibility' that it affected the verdict." United States v. Wood, 958 F.2d 963, 966 (10th Cir. 1992); see also Johnston v. Makowski, 823 F.2d 387, 389-91 (10th Cir. 1987).

Here, the district court conducted an investigation regarding the extraneous material, including questioning the jury under oath. This investigation revealed that a juror discovered several computer printouts containing profiles of minors who wished to engage in a homosexual relationship inside an atlas admitted into

-9-

evidence. After discovering the material, the juror promptly sent it out of the jury room without reading it. Each juror testified that he or she did not read the extraneous material.

Unlike a photograph, tape, object, or enactment, a juror must have read the printed information to comprehend its prejudicial content. We hold that when extraneous printed material is sent out of the jury room promptly upon its discovery and each juror has sworn under oath that he or she did not read the material, there is *not even the slightly possibility* that the material affected the verdict. Thus, we find no abuse of discretion in the district court's decision to deny defendant's motion for a new trial.

We further note that, contrary to defendant's assertion, this case is easily distinguishable from United States v. Wood, 958 F.2d 963 (10th Cir. 1992). In Wood, the prosecution utilized a timeline during its closing arguments. The jury, during its deliberation, requested a copy of the timeline, which the court refused to provide. See id. at 966. However, a notepad containing key information regarding the prosecution's timeline was impermissibly present in the jury room during its deliberation. See id. Upon discovery, the notepad was open to the page on which the timeline information was written. See id. The district court questioned only the jury foreman who testified that the jury did not look at the notes but admitted that he was not in the room during the entire deliberation. See

-10-

id. Based on this testimony, the court concluded that the foreman's testimony was inconclusive and that there remained a slight possibility that the extraneous information could have affected the verdict. See id.

In contrast, the jury in this case did not request information similar to the extraneous material and promptly sent the material out of the jury room without reading it. Under these circumstances, no juror would have had the opportunity to consider the information contained in the computer printouts. In essence, defendant asks us to conclude that the jurors lied under oath when they stated that they had not read the extraneous materials. We will not indulge this request, for in making our determination regarding whether the district court abused its discretion in denying a motion for a mistrial, "we give due deference to the district court's evaluation of the salience and credibility of testimony, affidavits, and other evidence." United States v. Robinson, 39 F.3d 1115, 1116 (10th Cir. 1994). The district court had the chance to evaluate the credibility of the jurors and chose to accept the jurors' statements as being true and conclusive.

## Conclusion

For the reasons discussed above, we AFFIRM the defendant's convictions.