**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUNIAN JOHNSON,

Defendant-Appellant.

No. 07-3112
(D.C. No. 06-CR-10217-MLB-01)
(D. Kan.)

### ORDER AND JUDGMENT[*]

Before **KELLY**, **HOLLOWAY**, and **GORSUCH**, Circuit Judges.

## I.  INTRODUCTION

Defendant–Appellant Junian Johnson was sentenced to eight years in prison after

pleading guilty to one count of possession of a firearm after commission of a felony in

violation of 18 U.S.C. § 922(g)(1).  Mr. Johnson filed a timely notice of appeal.  We have

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(3), and we **AFFIRM**.

## II.  BACKGROUND

Mr. Johnson was indicted for the offense of being a felon in possession of a

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

firearm in violation of 18 U.S.C. § 922(g)(1), a Class C felony that carries a penalty of not more than 10 years' imprisonment, a fine, or both. *See* 18 U.S.C. § 924(a)(2). After entering into a plea agreement with the United States Attorney, Mr. Johnson pled guilty to that charge.

According to the Presentence Investigation Report (PIR), the United States Sentencing Guideline range for imprisonment under the facts of this case is 30 to 37 months. However, at the request of the district judge, a probation officer prepared a memorandum in which she calculated a departure using the Guidelines. The probation officer used an "extrapolation method" to calculate a new Guideline range of 51 to 63 months.

The district judge then prepared a March 29, 2007, letter in which he notified the parties that, upon review of the PIR, he had concluded that the 30 to 37 month Guideline sentence might be inadequate. He therefore explained that he was notifying the parties, pursuant to Fed. R. Crim. P. 32(h), that he was contemplating a greater sentence. After noting that he believed a sentence greater than that called for under the advisory Guidelines might be justified under either a "departure" or a "variance," the district judge wrote:

> Turning first to the departure, I believe that defendant's criminal history category VI substantially under-represents the seriousness of his criminal history or the likelihood that he will commit other crimes. In that regard, I asked the probation office to calculate a departure according to the requirements of § 4A1.3(a)(4). [The probation officer] believes I could depart upward to an advisory guideline range of 51–63 months.
> Now turning to a variance, and in an effort to impose a sentence

-2-

sufficient, [but] not greater than necessary to comply with the statute, I have considered the following: the charge of which defendant stands guilty, felon in possession of a firearm, is serious, even when viewed in isolation. It is far more serious because the unchallenged record shows that since age 15 (defendant is now 30), defendant has been convicted of five firearm-related offenses. In addition, since age 15, defendant has been arrested on at least five occasions on charges relating to firearms. Of course, defendant has convictions and arrests for other offenses, as well. It is abundantly clear that defendant has no respect for the law and that his numerous and serious past involvements with the criminal justice system have done nothing to deter his criminal conduct. A 37 month sentence called for the by advisory guidelines is not sufficient to protect the public from further crimes of the defendant. To the extent it is relevant, it is conceivable that defendant may benefit from extended incarceration which allow[s] him to obtain needed educational or vocational training, particularly in view of the fact that by his own admission, he has never held employment for any substantial period of time. Incarceration is the only kind of sentence available under the circumstances and I am not aware of any sentence disparity which would result from a sentence greater than that available under a guideline calculation.

At the following sentencing hearing and in his sentencing order, the district judge explained that he was varying from the Guideline range of 30 to 37 months for the reasons set out in his March 29th letter, which he incorporated into his sentencing order. The judge explained at the sentencing hearing that he "did not believe that a 30 month or for that matter 37 month sentence is a responsible sentence." The judge imposed an eight year sentence, giving Mr. Johnson "some credit for acceptance of responsibility" and stating that "Mr. Johnson needs to get off the street for his own benefit and the benefit of society."

### III. DISCUSSION

Mr. Johnson argues on appeal that his sentence should be remanded because it is unreasonable. In effect, he argues that his sentence is procedurally unreasonable because:

(1) the probation officer's extrapolation was flawed and should not have been considered in determining the sentence; (2) he did not receive notice of the probation officer's extrapolation memorandum; and (3) the district judge did not adequately explain his reasons for imposing the 8 year sentence. He further argues that an 8 year sentence in this case is substantively unreasonable.[1]

## 1. Procedural Reasonableness

We first address Mr. Johnson's challenge to the procedural reasonableness of his sentence. "In reviewing a sentence on appeal, this court must first determine whether the sentence is procedurally reasonable." *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008). If a district court bases a sentence on a factor not within the categories set forth in 18 U.S.C. § 3553(a), this is a form of procedural error because § 3553(a) mandates consideration of its enumerated factors and implicitly forbids consideration of factors outside its scope. *United States v. Smart*, 518 F.3d 800, 803–04 (10th Cir. 2008). Further, to impose a procedurally reasonable sentence, the sentencing court must afford defendants their rights under the Federal Rules of Criminal Procedure. *United States v. Geiner*, 498 F.3d 1104, 1107 (10th Cir. 2007). The appellate court must ensure that the district court did not fail to adequately explain the chosen sentence–including an

---

[1] In his brief, which was submitted before the Supreme Court's decision in *Gall v. United States*, appellant argued that his sentence was so far outside the Guidelines range that it should be presumptively unreasonable. However, *Gall* now makes clear that we may not apply a presumption of unreasonableness for sentences outside the Guideline range. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

explanation for any deviation from the Guidelines range. *Gall*, 128 S. Ct. at 597; *see also* 18 U.S.C. § 3553(c) (requiring the sentencing court to state its reasons for imposing a sentence outside of the Guidelines).

As indicated above, Mr. Johnson argues that his sentence is procedurally unreasonable because: (1) the probation officer's extrapolation was flawed and should not have been considered in determining the sentence; (2) he did not receive notice of the probation officer's extrapolation memorandum[2]; and (3) the district judge did not adequately explain his reasons for imposing the 8 year sentence. However, it is undisputed that Mr. Johnson never raised these arguments in the district court. Therefore, we review them for plain error. *See United States v. Romero*, 491 F.3d 1173, 1176–77 (10th Cir. 2007) (holding that plain error review is used for unpreserved challenges to the method by which the district court arrived at a sentence, including arguments that the sentencing court failed to explain adequately the sentence imposed under the statutory factors in § 3553(a)); *United States v. Atencio*, 476 F.3d 1099, 1104–05, 1105 n.6 (10th Cir. 2007), *overruled on other grounds by Irizarry v. United States*, 128 S. Ct. 2198 (2008) (holding that claims of Rule 32(h) notice error are reviewed for plain error in the

---

[2]Although it is not entirely clear from his brief, Mr. Johnson appears to be arguing that this lack of notice violates Rule 32(h) of the Federal Rules of Criminal Procedure. *See* Fed R. Crim. P. 32(h) (providing that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure," and "[t]he notice must specify any ground on which the court is contemplating a departure").

absence of an objection); *see also* Fed. R. Crim. P. 52(b) ("A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.").

The plain error standard presents a heavy burden for an appellant, and that burden is not often satisfied. *Romero*, 491 F.3d at 1178. "'Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Munoz-Nava*, 524 F.3d at 1147 (quoting *United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc)). For an error to have affected substantial rights, the error must have been prejudicial, i.e., it must have affected the outcome of the district court proceedings. *Romero*, 491 F.3d at 1179. The burden to show that substantial rights have been prejudiced is on the party that failed to raise the issue below. *Id.*

Our decision in *United States v. Romero* is helpful to our analysis in this case. In *Romero*, the appellant argued that his sentence was unreasonable under 18 U.S.C. § 3553(c) because the district court failed to explain its reason for rejecting his argument for a below-Guidelines sentence. *Romero*, 491 F.3d at 1175. The appellant did not raise the procedural objection he asserted on appeal after the district court imposed sentence. *Id.* at 1176. We held that it was clear that under plain error review the appellant's procedural reasonableness argument under § 3553(c) could not succeed because the appellant did not argue on appeal that the court's failure to explain his sentence affected his substantial rights. *Id.* at 1179. We emphasized that we would not supply such an

argument for him. *Id.*

Turning to the case before us, because Mr. Johnson did not raise any of the procedural arguments he asserts on appeal in the district court, he has the burden of demonstrating under plain error review that an error affected his substantial rights, i.e., that it affected the outcome of the district court proceedings. *See id.* (recognizing, under plain error review, that the burden to show that substantial rights have been prejudiced is on the party that failed to raise the issue below, and for an error to have affected substantial rights, the error must have affected the outcome of the district court proceedings ). We find that Mr. Johnson has not carried this burden with regard to any of his asserted errors.

First, even if the probation officer's extrapolation was flawed, there is no indication that it was considered in determining the sentence,[3] and therefore there is no indication that any error with regard to it affected the outcome of this case. The probation officer's memorandum relates to calculating a departure. However, the district judge's sentencing order makes clear that he chose to use a variance rather than a departure. *See Atencio*, 476 F.3d at 1101 (explaining that when a court reaches a sentence above or below the recommended Guidelines range through application of Chapters Four or Five of the Sentencing Guidelines, the resulting increase or decrease is referred to as a "departure," while when a court enhances or detracts from the recommended range

---

[3] The appellant candidly admitted as much at oral argument by acknowledging that, while the extrapolation troubled him, he could not see where the judge relied on it.

through application of § 3553(a) factors, the increase or decrease is called a "variance"). The district judge explained: "For the reasons set forth in its March 29 letter, the court varied from the advisory guideline sentence of 30 to 37 months and imposed a sentence of eight years." The district judge's March 29th letter explicitly discusses the factors he considered with regard to setting a sentence by using a variance, and the probation officer's extrapolation is not among those factors. Further, the extrapolation is only alluded to in the district judge's letter within his discussion of a possible departure–a route he decided not to take.

Second, even if Mr. Johnson did not receive notice of the probation officer's possibly flawed extrapolation memorandum, and this lack of notice was in violation of Rule 32(h), Mr. Johnson has not demonstrated that such lack of notice prejudiced his substantial rights, i.e., affected the outcome of the district court proceedings. The protections of Rule 32(h) do not apply to variances, but to departures. *Irizary*, 128 S. Ct. at 2201–03; Fed. R. Crim. P. 32(h). As explained above, the district judge chose to vary rather than depart from the Guidelines, and there is no indication that the judge relied on the memorandum. Therefore, even if notice of the departure memorandum had been given, and Mr. Johnson had exposed any flaws in its analysis, it has not been shown that this would have had any effect on the district judge's decision to vary or on the extent of the variance.

Finally, assuming the district judge did not adequately explain his reasons for imposing the eight year sentence in this case, Mr. Johnson has not demonstrated that this

affected his substantial rights. In *Romero*, we held that it was clear that under plain error review the appellant's procedural reasonableness argument under § 3553(c) could not succeed because the appellant did not argue on appeal that the court's failure to explain his sentence affected his substantial rights. *Romero*, 491 F.3d at 1179. We emphasized that we would not supply such an argument for the appellant. *Id.* Likewise, here Mr. Johnson's argument that the district judge did not adequately explain his reasons for the eight year sentence cannot succeed: Mr. Johnson has not argued on appeal that the district judge's failure to explain his sentence affected his substantial rights, and we will not supply such an argument for him.

## 2. Substantive Reasonableness

The final issue we must address is whether Mr. Johnson's sentence is substantively reasonable. Assuming that the district court's sentencing decision is procedurally sound, the appellate court should consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. *Gall*, 128 S. Ct. at 597. A district court abuses its discretion when it renders a judgment that is "'arbitrary, capricious, whimsical, or manifestly unreasonable.'" *Munoz-Nava*, 524 F.3d at 1146 (quoting *United States v. Byrne*, 171 F.3d 1231, 1235–36 (10th Cir. 1999)).

"[S]ubstantive reasonableness addresses 'whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a).'" *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (quoting *United States v. Verdin-Garcia*, 516 F.3d 884, 895 (10th Cir. 2008)). However,

our analysis does not change based on the degree of a variance. *United States v. Wittig*, 528 F.3d 1280, 1286 (10th Cir. 2008). We may consider the extent of the deviation, but we must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. *Gall*, 128 S. Ct. at 597; *see also Smart*, 518 F.3d at 807 (explaining that a district court need not necessarily provide "extraordinary" facts to justify any statutorily permissible sentencing variance, even one as large as the 100% variance in *Gall v. United States*). "'It is not for the Court of Appeals to decide de novo whether the justification for a variance is sufficient or the sentence reasonable, and we must therefore defer not only to a district court's factual findings but also to its determinations of the weight to be afforded to such findings.'" *Wittig*, 528 F.3d at 1286 (quoting *Smart*, 518 F.3d at 808). This standard of review does not change even if the facts of the case are less than extraordinary. *Id.* And the fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court. *Gall*, 128 S. Ct. at 597.

We now turn to the substantive reasonableness of Mr. Johnson's eight year sentence. At the sentencing hearing and in his sentencing order, the district judge made it clear that he was relying on the justifications contained in his March 29th letter (which he incorporated into his sentencing order) in setting the variance. All of the justifications given in his March 29th letter are relevant to a § 3553(a) sentencing determination, and some of the justifications demonstrate that the advisory Guidelines sentencing range does not fully account for the seriousness of Mr. Johnson's offense.

In his March 29th letter, the district judge explained that, after reviewing the presentence report, he had concluded that the advisory Guideline range might be inadequate. *See* 18 U.S.C. § 3553(a)(4) ("The court . . . shall consider . . . (4) the kinds of sentence and the sentencing range established [by the Guidelines]."). The district judge concluded that the charge of which Mr. Johnson stood guilty, felon in possession of a firearm, was serious, even when viewed in isolation. *See id.* § 3553(a)(1)–(2)(A) ("The court . . . shall consider . . . (1) the nature . . . of the offense . . . ; [and] (2) the need for the sentence imposed . . . (A) to reflect the seriousness of the offense . . . ."). He further explained that the charge was far more serious because the unchallenged record showed that since age fifteen Mr. Johnson had been convicted of five firearm-related offenses and had been arrested on at least five occasions on charges relating to firearms. *See id.* ("The court . . . shall consider . . . (1) . . . the history and characteristics of the defendant; [and] (2) the need for the sentence imposed . . . (A) to reflect the seriousness of the offense . . . ."). The district judge also noted that Mr. Johnson had convictions and arrests for other offenses as well. *See id.*

The district judge concluded that it was clear that Mr. Johnson had no respect for the law, and that his numerous and serious past involvements with the criminal justice system had done nothing to deter his criminal conduct. *See id.* § 3553(a)(2)(A)–(B) ("The court . . . shall consider . . . (2) the need for the sentence imposed . . . (A) . . . to promote respect for the law [and] (B) to afford adequate deterrence to criminal conduct . . . ."). The district judge additionally determined that a 37 month sentence called for the by

advisory Guidelines was not sufficient to protect the public from further crimes of Mr. Johnson. *See id.* § 3553(a)(2)(C) ("The court . . . shall consider . . . (2) the need for the sentence imposed . . . (C) to protect the public from further crimes of the defendant . . . .").

The district judge also observed that it was conceivable that defendant might benefit from extended incarceration which would allow him to obtain needed educational or vocational training, particularly in view of the fact that he had never held employment for any substantial period of time. *See id.* § 3553(a)(2)(D) ("The court . . . shall consider . . . (2) the need for the sentence imposed . . . (D) to provide the defendant with needed educational or vocational training . . . ."). Finally, the judge acknowledged that he was not aware of any sentence disparity which would result from a sentence greater than that available under a Guideline calculation. *See id.* § 3553(a)(6) ("The court . . . shall consider . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .").

At the sentencing hearing itself, the district judge explained that he had also taken into account the fact that Mr. Johnson had accepted responsibility for his crime. *See id.* § 3553(a)(2)(A) ("The court . . . shall consider . . . (2) the need for the sentence imposed . . . (A) . . . to provide just punishment for the offense . . . .").

We hold that the district judge did not abuse his discretion in this case. The district judge relied upon a variety of factors relevant to a sentencing determination under § 3553(a), some of which indicated that the Guideline range underestimated the

seriousness of Mr. Johnson's crime. Further, we are unable to disagree with the district judge's determination that the § 3553(a) factors that he considered justified the variance in this case. We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 128 S. Ct. at 597. Although there may be other reasonable sentences that the district judge could have chosen, we uphold the district judge's sentence. *See id.* (holding that the fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal).

## IV. CONCLUSION

We **AFFIRM** the sentence handed down by the district judge. Mr. Johnson has not shown any procedural error that affected his substantial rights, and we cannot say the sentence imposed is substantively unreasonable.

IT IS SO ORDERED.
Entered for the Court,

William J. Holloway, Jr.
Circuit Judge