FILED
United States Court of Appeals
Tenth Circuit

May 24, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CURTIS PAYNE,

Defendant-Appellant.

No. 09-2249

(D. of N.M.)

(D.C. No. CR-08-2171-JCH)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

Curtis Floyd Payne appeals the district court's sentencing for his drug

offenses. The district court sentenced him to 262 months' imprisonment, which is

at the bottom of the Sentencing Guidelines range for Payne's criminal history and

offense level. Payne concedes that the district court correctly calculated the

Guidelines range, but argues the sentence nonetheless was procedurally and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

substantively unreasonable given the factors in 18 U.S.C. § 3553(a). Exercising jurisdiction under 18 U.S.C. § 3742, we AFFIRM Payne's sentence.

## I. Background

Payne pleaded guilty to possession with intent to distribute 50 grams or more of cocaine and cocaine base, and related conspiracies. Accounting for Payne's criminal history and his acceptance of responsibility for the crimes, the district court calculated the Guidelines range as 262 to 327 months' imprisonment. At sentencing, Payne asked the district court for a below-Guidelines sentence of 10 years' imprisonment—the statutory minimum—on account of his obligations to his family. The district court stated that it had considered the § 3553 factors, including Payne's history and characteristics, and sentenced him to 262 months' imprisonment for the cocaine base (crack) offense, to run concurrently with 240 months' imprisonment for the cocaine (powder) offense.

On appeal, Payne argues the district court did not follow proper procedures when sentencing him, and he claims the sentence was substantively unreasonable.

## II. Discussion

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "Our appellate review for reasonableness

includes both a procedural component, encompassing the method by which a sentence was calculated, as well as a substantive component, which relates to the length of the resulting sentence." *Id.* at 803. Objections to sentencing procedure not made before the district court are reviewed for plain error. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007).

### A. Procedural Reasonableness

Payne first agues that the district court did not adequately explain the reasons behind his sentence. When a court issues a sentence within the properly calculated Guidelines range, § 3553 requires the court to "state in open court the reasons for [the] imposition of the particular sentence," and, when the "range exceeds 24 months, the reason for imposing a sentence at a particular point within the range . . . ." 18 U.S.C. § 3553(c). We have held a within-Guidelines sentence "requires the court to provide only a general statement" of its reasoning. *Ruiz-Terrazas*, 477 F.3d at 1199.

Although he did not object below, Payne now alleges the district court erred by failing to address several of the § 3553 factors adequately, failing to assess how Payne's proposed mitigating factors such as his age and family circumstances contribute to the sentence determination, and failing to state specifically how the Guidelines sentence is reasonable. He does not object to the Guidelines range calculation.

Although the district court did not provide extensive reasoning for its sentencing decision, the court's reasoning was sufficient. Our review of the record shows Payne's argument for a downward departure from the Guidelines centered on § 3553(a)'s first factor—"the nature and circumstances of the offense and the history and characteristics of the defendant." In particular, Payne contended his career offender status was unfair because he had received his prior convictions within the previous seven years—presumably showing an only recent lapse into crime—and he asserted he had a family to support financially and an ill grandparent. Given Payne's arguments, it was reasonable for the district court to focus primarily on his "significant criminal history in seven years," Aplt. App., Vol. 3 at 14, and "the fact that [Payne has] family members," *id.* at 16.

Furthermore, the court fulfilled its statutory duty when it acknowledged it had considered the § 3553 factors. *See Ruiz-Terrazas*, 477 F.3d at 1201 ("Section 3553(a) imposes on the district court a duty to '*consider*' a variety of important sentencing considerations. But it nowhere imposes on the court a duty to address those factors on the record . . . .") A sentencing court's failure to expressly mention each § 3553 factor does not render the sentencing procedurally unreasonable. *See United States v. Verdin-Garcia*, 516 F.3d 884, 898 (10th Cir. 2008) (quoting *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005)) ("[A] district court need not 'march through § 3553(a)'s sentencing factors,' nor do we 'demand that the district court recite any magic words to show that it

fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider.'") Here, the district court's discussion of Payne's criminal history and family circumstances evidence a consideration of the § 3553(a) sentencing factors, in addition to the district court's specific assertion that it had considered the factors.

Finally, in context it is clear the district court found the Guidelines range reasonable. The Supreme Court has stated when a district court imposes a within-Guidelines sentence, no "lengthy explanation" is required because "the judge [may] rest[] his decision upon the [Sentencing] Commission's own reasoning" for "typical" cases. *Rita v. United States*, 551 U.S. 338, 356–57 (2007). The district court still can commit error even if it imposes a within-Guidelines sentence if the court treats the Guidelines as mandatory. *See Gall*, 552 U.S. at 50. But the district court here clearly referred to the Guidelines as "advisory," Aplt. App., Vol. 3 at 15, and explained it had considered the § 3553(a) sentencing factors in addition to the Guidelines.

In sum, the district court did not commit procedural error.

### B. Substantive Reasonableness

We also find Payne's sentence was substantively reasonable. "A district court abuses its discretion when it renders a judgment that is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" *United States v. Muñoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (quoting *United States v. Byrne*, 171

F.3d 1231, 1235–36 (10th Cir. 1999)).  We have held that within-Guidelines sentences are entitled to a presumption of reasonableness.  *United States v. Sanchez-Juarez*, 446 F.3d 1109, 1114 (10th Cir. 2006).  To determine the substantive reasonableness of a sentence, we look to the totality of the circumstances.  *Muñoz-Nava*, 524 F.3d at 1146.

Payne's primary substantive argument concerns the disparity in sentencing between crack and powder cocaine.  Payne argues the sentencing disparity rebuts the presumption of reasonableness of a within-Guidelines crack sentence, and in this case his crack sentence was unreasonable.  As the Supreme Court detailed in *United States v. Kimbrough*, 552 U.S. 85, 94–100 (2007), until recently the Guidelines treated crack cocaine 100 times more harshly than an equivalent amount of powder cocaine.  In 2007, the Guidelines were revised to reduce that disparity.  *See id.* at 100.  Nonetheless, the *Kimbrough* Court held a district court did not impose a substantively unreasonable sentence when it *departed* from the Guidelines range for a crack offense.  *Id.* at 109.  The Court *did not* hold that the Guidelines range for a crack offense was presumptively unreasonable let alone per se unreasonable.

The district court sentenced Payne to 262 months' imprisonment, at the bottom of the Guidelines range for his crack conviction.  The court ordered Payne to serve the crack sentence concurrently with the sentence of 240 months' imprisonment for his powder cocaine conviction—that is, the crack conviction

added 22 months to his prison sentence. Payne, moreover, had a series of recent and serious offenses, including drug possession and distribution. We are confident under these circumstances that the bottom-of-the-range sentence was well within the district court's discretion to impose.

## III. Conclusion

For the foregoing reasons, we AFFIRM Payne's sentence.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge