FILED
United States Court of Appeals
Tenth Circuit

June 20, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

BRETT DANNY SHUMWAY,

        Defendant - Appellant.

No. 12-4059

(D. Utah)

(D.C. No. 2:10-CR-00926-TS-RTB-2)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **GORSUCH**, and **BACHARACH**, Circuit Judges.

---

Mr. Brett Danny Shumway pleaded guilty to armed robbery of a credit union and using, carrying, and brandishing a firearm during and in relation to a crime of violence. After accepting this plea, the district court sentenced Mr. Shumway to prison for 292 months, followed by 5 years of supervised release. On appeal, Mr. Shumway argues that his sentence is procedurally and substantively unreasonable. Rejecting both arguments, we affirm.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value consistent with Fed. R. App. P. 32.1 and Tenth Cir. R. 32.1.

## Mr. Shumway's Crime, Conviction, and Sentence

With Mr. Shumway's help as the driver, his codefendant (Aldo Sanchez) robbed a credit union. Following the robbery, Mr. Shumway pleaded guilty to the robbery and gun charges.[1] With the plea, the district court classified Mr. Shumway as a career offender, triggering an enhancement that raised the advisory range under the United States Sentencing Guidelines to imprisonment for 292 to 365 months.[2]

Before imposing the sentence, the court stated that it had considered the factors in 18 U.S.C. § 3553 and discussed Mr. Shumway's criminal history, the seriousness of the offense, and his attempt to minimize his involvement in the crime. In addition, the court commented that Mr. Shumway had "no justification for his conduct other than that he just decided to revert back to his old ways."[3]

The court sentenced Mr. Shumway to the low end of the guideline range: 292 months, followed by 5 years of supervised release. His codefendant obtained a shorter sentence, only 121 months.

After announcing Mr. Shumway's sentence, the district judge asked defense counsel if she had any legal objections to the sentence. The attorney replied: "Your Honor, I would make an objection at this time that the sentence imposed by the court failed to consider all the 3553 factors. And the career offender

---

[1]     *See* 18 U.S.C. §§ 924(c), 2113(a) & (d) (2006).

[2]     *See* U.S. Sentencing Guidelines Manual § 4B1.1 (2011).

[3]     R. vol. 3, at 48.

enhancement itself does not properly reflect the sentencing purposes of . . . Section 3553 of the Sentencing Reform Act."[4] Noting that "[t]hose objections [were] certainly preserved," the court declined to modify the sentence.[5]

## Procedural Reasonableness

Mr. Shumway contends that his sentence is procedurally unreasonable under 18 U.S.C. § 3553(a)(6). This provision states that a sentencing court should consider certain factors, including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[6] In Mr. Shumway's view, the district court violated Section 3553(a)(6) by failing to explain the disparity between his sentence and Mr. Sanchez's. This argument should be rejected.

The threshold question is whether Mr. Shumway preserved the issue for appellate review. To do so, he "needed to alert the court that its explanation was inadequate, which ordinarily would require an objection after the court had rendered sentence."[7] But after the district court announced the sentence, defense counsel did not object to the adequacy of the court's explanation.[8] By failing to

---

[4]    R. vol. 3, at 131.

[5]    R. vol. 3, at 131.

[6]    18 U.S.C. § 3553(a)(6) (2006).

[7]    *United States v. Gantt*, 679 F.3d 1240, 1247 (10th Cir. 2012).

[8]    *See* R. vol. 3, at 131.

object, defense counsel failed to preserve the contention for appellate review.[9]

Because the contention was not preserved, we apply the plain-error standard.[10]

Under this standard, Mr. Shumway must show that the district court's error was plain, affected his substantial rights, and seriously affected "the fairness, integrity, or public reputation of judicial proceedings.[11] Mr. Shumway has not made the required showing.

When the district court imposes a sentence within the guidelines, Section 3553 does not require a "particularized analysis" of the statutory factors.[12] Instead, the court can comply with Section 3553 by stating that it had considered the statutory factors.[13]

In sentencing Mr. Shumway, the court referred to these factors and stated that the criminal history justified the 292-month term.[14] This explanation did not constitute plain error, as the defendant's criminal history is pertinent under Section 3553.

---

[9] *United States v. Gantt*, 679 F.3d 1240, 1247 (10th Cir. 2012).

[10] *United States v. Mendoza*, 543 F.3d 1186, 1195 (10th Cir. 2008).

[11] *United States v. DeChristopher*, 695 F.3d 1082, 1091 (10th Cir. 2012) (citation omitted).

[12] *United States v. A.B.*, 529 F.3d 1275, 1289 (10th Cir. 2008).

[13] *See United States v. Gantt*, 679 F.3d 1240, 1247 (10th Cir. 2012).

[14] *See* R. vol. 3, at 131-32.

As Mr. Shumway argues, the sentencing factor in Section 3553(a)(6) addresses "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[15] But the court had no duty to discuss Section 3553(a)(6),[16] and this provision addresses nationwide disparities rather than disparities among codefendants.[17] Thus, the district court's explanation did not constitute plain error, and we reject the procedural challenge to Mr. Shumway's sentence.

## Substantive Reasonableness

Mr. Shumway argues that his sentence is substantively unreasonable because his prior convictions were at least eighteen years old and a much lighter prison term would have sufficed to deter future crimes. These arguments are unconvincing.

We review the substantive reasonableness of the district court's sentence for abuse of discretion.[18] In conducting this review, we give substantial deference to

---

[15]    18 U.S.C. § 3553(a)(6) (2006).

[16]    *See United States v. A.B.*, 529 F.3d 1275, 1289 (10th Cir. 2008).

[17]    *See United States v. Damato*, 672 F.3d 832, 848 (10th Cir. 2012) (stating that Section 3553(a)(6) refers to disparities nationwide among defendants with similar records and guideline calculations rather than a comparison of sentences among defendants); *United States v. Ivory*, 532 F.3d 1095, 1107 (10th Cir. 2008) ("§ 3553(a)(6) does not require the sentencing court to compare the sentences of codefendants" (citation omitted)).

[18]    *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Tindall*, 519 F.3d 1057, 1065 (10th Cir. 2008).

the district court in its selection of an appropriate sentence.[19]  The district court abuses its discretion only when its judgment is "'arbitrary, capricious, whimsical, or manifestly unreasonable.'"[20]

When a sentence falls "within the Guidelines's career-offender range," we apply a "presumption of reasonableness."[21]  The defendant may rebut this presumption by demonstrating that the sentence is unreasonable under the factors in 18 U.S.C. § 3553.[22]  We defer to the weight given by the district court on any of the specific factors in Section 3553.[23]

The district court explained how it had weighed these factors, including the need for the sentence imposed to reflect the seriousness of the offense, deter further criminal conduct, and protect the public.[24]  The court also considered the nature of the offense and Mr. Shumway's past criminal history.[25]  Before sentencing, defense counsel admitted that Mr. Shumway had "suggested" the

---

[19]     *United States v. Smart*, 518 F.3d 800, 806 (10th Cir. 2008).

[20]     *United States v. Munoz-Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (quoting *United States v. Byrne*, 171 F.3d 1231, 1235-36 (10th Cir. 1999)).

[21]     *United States v. Pruitt*, 502 F.3d 1154, 1158 (10th Cir. 2007).

[22]     *United States v Tindall*, 519 F.3d 1057, 1066 (10th Cir. 2008).

[23]     *United States v. Smart*, 518 F.3d 800, 808 (10th Cir. 2008).

[24]     *See* R. vol. 3, at 126-28; *see* 18 U.S.C. § 3553(a)(2)(A)-(C) (2006).

[25]     *See* R. vol. 3, at 126-28; *see* 18 U.S.C. § 3553(a)(1) (2006).

robbery to the codefendant.[26]  In addition, a probation officer (without objection by defense counsel) stated that Mr. Shumway had given the name of the teller to the codefendant.[27]  The codefendant used this name during the robbery, which frightened the teller.[28]

Ultimately, the judge chose a sentence at the low end of the guideline range. Though Mr. Shumway's prior convictions were arguably old, he had eight qualifying felony convictions, one involving a controlled substance and seven involving crimes of violence.[29]  The district court could reasonably decline to give decisive weight to the amount of time that had passed between crimes.[30]  His decision was not arbitrary, capricious, whimsical, or manifestly unreasonable. Thus, we conclude that the court did not abuse its discretion and that Mr. Shumway has not rebutted the presumption that his sentence was substantively reasonable.

---

[26]    R. vol. 1, at 205; *see id.* at 175.

[27]    R. vol. 4, at 7; *see id.* at 31-35 (identifying defense counsel's objections to the presentence report).

[28]    R. vol. 4, at 5; *see id.* at 31-35 (identifying defense counsel's objections to the presentence report).

[29]    R, vol. 4, at 8, 13-17; *see* U.S. Sentencing Guidelines Manual § 481.1(a) (2011).

[30]    In *United States v. Garcia-Lara*, 499 F.3d 1133 (10th Cir. 2007), the district court declined to apply the career-offender enhancement, reasoning in part that it would have overstated the seriousness of the defendant's criminal history because his last drug conviction was eight years old at the time of the sentencing. *See United States v. Garcia-Lara*, 499 F.3d at 1134, 1139.  Even under the deferential abuse-of-discretion standard, we reversed because the circumstances did not allow the district court to ignore the career-offender provision. *Id.* at 1135-38, 1140-41.

## Conclusion

We reject the substantive and procedural challenges to the sentence. As a result, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

8