**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 1, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEX ALI BORGHEE,

Defendant - Appellant.

No. 13-6001
(W.D. Oklahoma)

(D.C. No. 5:12-CR-00133-M-1)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON**, and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

Defendant and appellant Alex Ali Borghee pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). He was sentenced to thirty-seven months' imprisonment. Arguing that his sentence is procedurally and substantively unreasonable, Mr. Borghee appeals his sentence. We affirm.

**BACKGROUND**

At approximately 4:40 p.m. on April 20, 2012, Mr. Borghee entered a Bank of America branch in Oklahoma City. He approached a teller and slid a note to her which read, "5,000.00 money . . . or I'll shoot." Mr. Borghee also warned the teller not to hit the panic button. When the teller realized Mr. Borghee was robbing her, she began to unlock her drawer, which caused Mr. Borghee to ask if she had hit the panic button. The teller told him that she had not. As the teller began retrieving the cash, Mr. Borghee said, "thirty seconds" and then, a short time later, "twenty seconds," which made the teller believe that he was "counting down."

After the teller gave Mr. Borghee $1,442.00 in cash, he left the bank. The teller then hit the panic button, informed a fellow employee that she had been robbed, and locked the doors to the bank. When law enforcement personnel arrived, the teller gave them a description of the robber.

After the robbery, Mr. Borghee contacted an individual, A.F., a former co-worker to whom he owed money. Mr. Borghee told A.F. to meet him in a church

parking lot and that he "had her money." Mr. Borghee arrived at the meeting in a black BMW. A.F. testified that Mr. Borghee had "bloodshot eyes, was sweating on his hairline, fidgeting, and appeared extremely nervous." Mr. Borghee had a stack of cash in his hand and gave A.F. a $50 bill, telling her that he had robbed a bank. A.F. stated that because Mr. Borghee "lied about everything," A.F. did not believe him.

On May 5, 2010, A.F. contacted the FBI and told agents that she had seen pictures from the bank robbery which had been released to the public and that she recognized Mr. Borghee. When the agents showed her additional pictures from the bank robbery, A.F. confirmed that the robber was Mr. Borghee. She apparently told the agents that Mr. Borghee "can be violent and would flee if confronted about the bank robbery." Other bank workers also identified Mr. Borghee as the bank robber. Law enforcement personnel arrested Mr. Borghee on May 15, 2012, and laboratory results confirmed that his fingerprints were on the demand note.

A grand jury subsequently issued a one-count indictment charging Mr. Borghee with bank robbery, in violation of 18 U.S.C. § 2113(a). Mr. Borghee then pled guilty to the offense without a plea agreement.

In preparation for sentencing under the advisory United States Sentencing Commission, Guidelines Manual ("USSG"), the United States Probation Office prepared a presentence report ("PSR"). The PSR calculated a total offense level

of 21 which, with a criminal history category of I because Mr. Borghee had no prior criminal convictions, yielded an advisory Guidelines range of 37 to 46 months.

Mr. Borghee filed his sentencing memorandum, in which he asked the court to classify the bank robbery as "aberrant behavior" and depart downward, pursuant to USSG § 5K2.20.[1]  He also suggested a below-Guidelines sentence was warranted because of his young age (24 years old) and his history of depression and panic attacks.  The government also filed a sentencing memorandum, in which it argued that Mr. Borghee did not qualify for a departure based on "aberrant behavior" and arguing, further, that a departure was not warranted because Mr. Borghee made no effort to mitigate his crime and did not accept responsibility for it until he was actually arrested and shown the evidence against him.

---

[1]Policy Statement §5K2.20 allows a downward departure "only if the defendant committed a single criminal occurrence or . . . transaction that was (1) committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life."  The commentary specifically includes a defendant's "mental and emotional conditions; . . . record of prior good works; . . . motivation for committing the offense; and . . . efforts to mitigate the effects of the offense," as proper circumstances to consider in departing on these grounds.  USSG §5K2.20 at appl.n.3.

The district court subsequently held a sentencing hearing. After listening to all parties, the court made the following statement concerning Mr. Borghee's sentence and the issue of a downward departure:

> Concerning the matter of the departure, <u>the Court would first note that this Court has a great deal of discretion in its application of this particular guideline</u>.

> Someone said something about an ordinary bank robbery. There is not an ordinary bank robbery, there is no such thing, in this Court's opinion, as an ordinary bank robbery.

> The Court is aware that <u>there are certainly some mitigating factors in this case</u>, but whether or not the behavior required . . . significant planning, . . . certainly there was planning that had to occur to get to the bank. . . . [T]he acts which the Defendant took required[] significant planning[] to get there. The duration certainly was brief, but the Court cannot consider this, without weighing the impact of Ms. Perkle, who described for her what these moments meant when the Defendant said to her, "give me $5,000 . . . or I'll shoot." The fact that he did not have a gun doesn't matter. . . .

> <u>I think probably the most compelling part . . . [is] the dearth of mitigation conduct by the Defendant</u>. I guess to use the words of the prosecutor, <u>he didn't turn himself in, he did not have contact with any authority</u>, I think the fact was that he went to pay off one of the debts that he had.

> . . . .

> This Court does not find, and I know that there are other judges in this courthouse who have departed in a bank robbery case to a sentence of probation, <u>but this Court does not find this case is one such case where the Court can depart</u>. It certainly is not the worst bank robbery that this Court has ever seen, but meeting those minimum — the planning, it was a few minutes, and he was an otherwise law-abiding citizen, but this is not the case that this Court believes is an appropriate one for the Court to depart from.

> I guess the Court will hang its hat on the efforts to mitigate the effects of the offense in determining whether or not the Court should depart.
>
> Also, the motivation for committing the offense. I'm sure, Mr. Borghee, because of his own efforts at taking seriously the mental health, and other counseling that he has gotten, is good, but everybody has bills. I appreciate that he is a younger man, everybody has problems, but your response cannot be, in an ordered society, to go and tell somebody, "Give me $5,000 . . . or I'll shoot." It is just unacceptable.
>
> . . . The Court is exercising its discretion not to depart downward for those reasons.

Tr. of Sentencing Hr'g at 17-19 (emphasis added). The court then sentenced Mr. Borghee to 37 months, at the bottom of the advisory Guidelines range.

This appeal followed, in which Mr. Borghee argues (1) the court abused its discretion and committed procedural error in interpreting and refusing to apply the "aberrant behavior" departure provisions of USSG §5K2.20 when it denied a downward departure; and (2) the 37-month sentence is substantively unreasonable.

## DISCUSSION

We review a sentence for both procedural and substantive reasonableness, giving deference to the district court under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). "[W]e review de novo the district court's legal conclusions regarding the guidelines and review its factual findings

for clear error." United States v. Gantt, 679 F.3d 1240, 1246 (10th Cir.), cert. denied, 133 S. Ct. 555 (2012). "Procedural reasonableness addresses whether the district court incorrectly calculated or failed to calculate the Guidelines sentences, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, relied on clearly erroneous facts, or failed to adequately explain the sentence." United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008). Substantive reasonableness, in turn, addresses whether the sentence length is reasonable given all the circumstances of the case in light of the § 3553(a) factors. Id.

## I. Procedural reasonableness and applicability of "aberrant behavior" provision:

Prior to and at the sentencing hearing, Mr. Borghee sought a downward departure from the advisory Guidelines range applicable to his sentence, arguing that his single act of bank robbery constituted "aberrant behavior" in accordance with USSG §5K2.20. The district court declined to award such a downward departure. Mr. Borghee argues the court committed a procedural error by "inject[ing] a new factor into the downward departure consideration which was inconsistent with the purpose of the departure provision." Appellant's Op. Br. at 11. The government responds that we lack jurisdiction to review the district court's decision, because that decision was a discretionary refusal to grant a downward departure.

"Even after <u>Booker</u>, '[t]his court has no jurisdiction . . . to review a district court's discretionary decision to deny a motion for a downward departure on the grounds that a defendant's circumstances do not warrant the departure.'" <u>United States v. Fonseca</u>, 473 F.3d 1109, 1112 (10th Cir. 2007) (quoting <u>United States v. Sierra-Castillo</u>, 405 F.3d 932, 936 (10th Cir. 2005)). We *may* review the "denial of a downward departure only if the denial is based on the sentencing court's interpretation of the Guidelines as depriving it of the legal authority to grant the departure." <u>Id.</u> We also have jurisdiction where a defendant "claim[s] that the district court considered a prohibited factor under the Guidelines in denying a downward departure." <u>Sierra-Castillo</u>, 405 F.3d at 937.

Applying those precepts to our case, it is clear that the district court knew it had the power and authority to depart downward from Mr. Borghee's advisory Guidelines range. It is also clear that the court considered whether the "aberrant behavior" Guideline provision permitted it to so depart downward. Thus, we first consider whether the court properly interpreted and applied the aberrant behavior provision of USSG §5K2.20 to determine whether the court committed a procedural error in calculating the advisory Guidelines sentence.

As indicated, the aberrant behavior provision permits a downward departure where a defendant is implicated in a  "single criminal occurrence" which was "of limited duration" and "was committed without significant planning." USSG §5K2.20(b). The accompanying commentary suggests the consideration of other

circumstances. The district court considered those circumstances and, contrary to

Mr. Borghee's allegations, the court did not rely upon *prohibited* circumstances.

The court considered the totality of the circumstances surrounding Mr. Borghee's

conduct, to see if it qualified as an "extraordinary" case of aberrant behavior.

Having determined that it did not, the court did not depart downward on that

basis. We perceive no procedural irregularity in the district court's decision that

Mr. Borghee did not qualify for an aberrant behavior departure.[2]

## II. Substantive reasonableness

Mr. Borghee also claims his 37-month sentence is substantively

unreasonable. "When evaluating the substantive reasonableness of a sentence, we

afford substantial deference to the district court, and determine whether the length

of the sentence is reasonable given all the circumstances of the case in light of the

factors set forth in 18 U.S.C. § 3553(a)." United States v. Balbin-Mesa, 643 F.3d

783, 788 (10th Cir. 2011) (further quotation omitted). If the sentence is within

the correctly calculated Guideline range, it "is entitled to a rebuttable

presumption of reasonableness on appeal." Id. (internal quotation marks omitted).

"This is a deferential standard that either the defendant or the government may

rebut by demonstrating that the sentence is unreasonable when viewed against the

---

[2]To the extent that the question before us is simply whether the district court erred in refusing to depart downward in the exercise of its broad discretion, we agree with the government that we lack jurisdiction to review such a decision.

other factors delineated in § 3553(a)." United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (per curiam).

Mr. Borghee argues that the "circumstances of this case warrant a sentence below th[e] guideline range based on consideration of the factors enumerated in [18 U.S.C. § 3553(a)]." Appellant's Br. at 22. He argues that his "growing depression and panic attacks, which were fueled by his financial situation" along with his "young age and level of maturity," led him to commit the bank robbery. Id. at 23-24. Mr. Borghee further argues that a 37-month sentence is longer than is necessary to further the sentencing goals of deterrence, protection, respect for the law, and appreciation of the seriousness of the offense of bank robbery.

While Mr. Borghee makes a compelling case, he fails to rebut the presumption of reasonableness which attaches to his within-Guidelines sentence. The district court is afforded considerable discretion in crafting an appropriate sentence. "A district court abuses its discretion when it renders a judgment that is 'arbitrary, capricious, whimsical, or manifestly unreasonable.'" United States v. Munoz-Nava, 524 F.3d 1137, 1146 (10th Cir. 2008) (quoting United States v. Byrne, 171 F.3d 1231, 1235-36 (10th Cir. 1999)). We cannot say that the district court's judgment in this case was arbitrary or capricious. It was thoughtful and reasonable.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the sentence in this case.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge